# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:06cr10-RH/WCS
    CASE NO. 4:09cv96-RH/WCS

WILLIE ANTHONY OLIVER,

      Defendant.

_____/

## ORDER DENYING § 2255 MOTION

The defendant Willie Anthony Oliver pled guilty to one count of conspiring to distribute controlled substances. Because of a prior drug felony conviction, the minimum mandatory sentence was 20 years in custody. The court imposed that sentence. The Eleventh Circuit upheld the conviction and sentence on direct appeal.

Mr. Oliver now has filed a motion for relief under 28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report and recommendation (document 175) and the objections (document 176). I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and will be adopted as the court's opinion, with the following additional explanation.

Mr. Oliver asserts his attorneys rendered ineffective assistance by failing to raise an argument showing that he did not qualify for the 20-year minimum mandatory sentence. He bases the assertion on the mistaken belief that if a prior conviction does not result in criminal-history points under the United States Sentencing Guidelines, it cannot result in an enhanced minimum mandatory sentence. In fact, the relevant guideline and statute are not mirror images. Mr. Oliver's prior conviction did not result in criminal-history points for guideline purposes, but it *did* increase his minimum mandatory sentence to 20 years. Mr. Oliver's attorneys did not render ineffective assistance in failing to raise this issue, and Mr. Oliver suffered no prejudice from their actions.

The explanation is this. The prior conviction was for conduct that was part of the same conspiracy as the offense of conviction in this case. The prior conviction thus did not result in any criminal-history points under the United States Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 4A1.1 (2006) (assigning a defendant one, two, or three criminal-history points for a "prior sentence"); *id.*, § 4A1.2(a)(1) (defining a "prior sentence" as a sentence "for conduct not part of the instant offense").

But the minimum mandatory is required not by the guidelines but by the governing statute: 21 U.S.C. § 841(b)(1)(A)(i)(I). The statute applies to an offense that, like Mr. Oliver's, involves five kilograms of cocaine or more. The statute requires a sentence of "not less than 20 years" if the defendant "commits" the

offense "after a prior conviction for a felony drug offense has become final." Nothing in the statute requires the prior conviction to be for conduct that is not part of the instant offense.

As one would expect based on the statute's language, the minimum mandatory applies if a prior conviction becomes final before the defendant commits all or part of the offense of conviction. And the minimum mandatory applies whether or not the prior conviction was for conduct that was part of the offense of conviction. The report and recommendation collects cases so holding. *See, e.g., United States v. Williams*, 469 F.3d 963 (11th Cir. 2006). Mr. Oliver has cited no case to the contrary, and I am aware of none.

This result comports with the statutory purpose. The statute reflects the congressional judgment that the enhanced minimum mandatory sentence is appropriate when a defendant incurs a final drug felony conviction and goes back into—or continues uninterrupted in—the drug business, participating in an offense of the relevant size and type. Mr. Oliver did precisely that. The statute required a 20-year minimum mandatory sentence. It was properly imposed.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter

judgment stating, "The defendant's amended motion for relief under 28 U.S.C. § 2255 is denied with prejudice." The clerk must close the file.

    SO ORDERED on May 3, 2010.

                                                        s/Robert L. Hinkle
                                                        United States District Judge